UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:23-CV-83-BJB-LLK

JONATHAN CRAIG HAWKINS and
TIMOTHY BRIAN SHEPHARD, JR.                                          PLAINTIFFS

v.

HOPKINSVILLE SOLID WASTE ENTERPRISE and
CITY OF HOPKINSVILLE                                                 DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter has been referred to Magistrate Judge Lanny King for hearing and determining all pretrial matters, including non-dispositive motions, and conducting a settlement conference. [Text Order at DN 5]. Before the Court is a Joint Motion for Entry of Stipulated Protective Order ("Joint Motion") accompanied by the proposed Stipulated Protective Order submitted by counsel for the parties along with a third party, the Kentucky Administrative Office of Courts. [DN 60]. For the reasons that follow, the Joint Motion is DENIED, without prejudice.

### I. BACKGROUND

This case is brought by Plaintiffs against their former employer Hopkinsville Solid Waste Enterprise and the City of Hopkinsville for alleged violations of the Fair Labor Standards Act, Kentucky wage and hour laws, the Kentucky Whistleblower's Act, common law wrongful termination, retaliation, and breach of contract. See generally Complaint [DN 1], Amended Complaint [DN 10], and Second Amended Complaint [DN 28]. In response to Defendants' discovery requests, Plaintiff Hawkins produced over 100 emails sent to and from his wife, Angela Hawkins's work email. [DN 49]. Ms. Hawkins is employed by the Kentucky Court of Justice. Defendants submitted an open records request on December 9, 2024, for emails exchanged

between Angela Hawkins, AngelaHawkins@kycourts.net, and a list of fifteen specified email addresses related to this case. [DN 49 at 2, ¶ 7]. On January 16, 2025, Defendants served a *subpoena duces tecum* on the Kentucky Administrative Office of Courts ("AOC") and requested what appears to be all of Ms. Hawkins' emails: "complete, unredacted copies of documents, electronically stored information, and email correspondence sent to and from the work email address of AOC employee, Angela Hawkins." [DN 60] at 3. According to the Joint Motion, all email communications requested in the *subpoena duces tecum* are exempt from public access pursuant to the Administrative Procedures of the Kentucky Court of Justice, Part XVII, Section 4(1)(c)(iv). In addition, certain information contained in those email communications is also subject to redaction under Section 4(2). Those sections provide:

> (1) Administrative records. Administrative records of the AOC are open for public access except the following:
> …
>     (c) Records which constitute the following:
> …
>         (iv) Any correspondence transmitted by any means, including electronic, that is not a formal declaration of policy or procedures, or is not intended to give notice of a final official action, or is not a formal record of a transaction or receipt.
> …
> (2) Personal identifying information, including social security numbers, drivers' license numbers, dates of birth, home addresses, personal email addresses, personal phone numbers, passwords, and financial account numbers, should be redacted from administrative records prior to complying with a request for public access.

Administrative Procedures of the Kentucky Court of Justice, Part XVII, Open Records Policy of the Administrative Office of Courts, Sections 4(1)(c)(iv) and 4(2).

It appears that the AOC has agreed to produce all of Ms. Hawkins' unredacted emails subject to entry of the Stipulated Protective Order submitted with the Joint Motion presently before the Court. The Joint Motion sets forth these justifications for protecting the documents:

2

> Because the information is protected by Kentucky Supreme Court directive, the AOC is prohibited from producing documents responsive to Defendants' Subpoena Duces Tecum absent the appropriate protections set forth in the Stipulated Protective Order that would limit the use and disclosure of the documents outside these proceedings and require the documents to be sealed in accordance with the procedures set forth in Local Rule 5.6 – "Filing Documents Under Seal" to prevent public disclosure. Thus, good cause exists for entry of a protective order for the information requested in [Defendants'] Subpoena Duces Tecum.
>
> The Parties and the AOC have agreed to the entry of the Stipulated Protective Order attached to this Joint Motion as Exhibit A to allow the AOC to produce the documents and information requested under conditions that will protect the confidential nature of the documents and information under AP Part XVII, Sec. 4(1)(c)(iv) and Sec. 4(2). Absent entry of a protective order, AOC will sustain a defined and serious injury resulting from its production of confidential emails otherwise not available to the public without any additional safeguards or protections limiting the disclosure of confidential emails and personal identifying information contained within the emails.

[DN 60] at 4.

The proposed Stipulated Protective Order in this case contains provisions which seek to have all documents produced by the AOC in response to Defendants' *subpoena duces tecum* designated as "Confidential" because they are an exception to documents open to public access under the above-cited AOC administrative regulations. Then, to the extent any of the "Confidential" designated records are to be filed with this Court, they "shall be filed under seal" in accordance with the procedure set forth in L.R. 5.6(c). Individuals receiving the documents are to execute the "Agreement to be Bound" attached to the Stipulated Protective Order, with counsel providing copies of the executed agreements to the AOC.

Paragraph Six provides that "[a]ny testimony given, whether during a deposition or trial, that references any document marked with the above 'Confidential' endorsement shall be designated as confidential on the record at the time the testimony is given." That testimony "shall be placed under seal" in a marked envelope marked "Confidential" subject to the Stipulated Protective Order. Paragraph Six further indicates that any document marked as "Confidential" that

is made an exhibit to any deposition or introduced at trial shall be considered "Confidential" and placed under seal, subject to the Stipulated Protective Order.

## II. DISCUSSION

There are two distinct standards utilized in this Court when analyzing requests to protect discovery documents as "Confidential" from public dissemination and motions seeking to seal those documents once they are filed into the court record: "Secrecy is fine at the discovery stage, before the material enters the judicial record," *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016), (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)), "[a]t the adjudication stage, however, very different considerations apply." *Shane* at 305 (citing *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). Upon a showing of good cause, this Court has found that discovery documents can be protected as "Confidential" by agreement via a narrowly tailored protective order. However, when those designated-by-agreement-as-confidential documents are sought to be protected from public dissemination upon their filing into this Court's record, a much more stringent "seal" standard must be met.

A.  Agreed/Stipulated Protective Orders

Rule 26 of the Federal Rules of Civil Procedure affords the Court broad discretion to grant or deny protective orders. *Proctor & Gamble Co. v Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). This Court is increasingly scrutinizing protective orders that do not make the necessary showing of good cause required by the Federal Rules of Civil Procedure and the relevant case law. *See Global Hemp, Inc. v. Industrial Hemp Solutions*, LLC, 5:20-cv-12-TBR-LLK, 2020 WL 12846562, at *1 (W.D.Ky. Oct. 6, 2020) (collecting cases). Pursuant to Rule 26(c)(1)(G),

> [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way ….” Good cause exists when the party moving for the protective order “articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought. . ..”

*Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 25, 254 (D.D.C. 1987)). Generally, this Court is disinclined to enter agreed protective orders as they do not comply with the requirement that the parties certify their good faith efforts to resolve a discovery dispute. Typically, this Court has required both a showing of "good cause" for the protections sought, and a narrowly tailored approach that corresponds to the clearly defined and serious injury that would result from production of those documents. Showing substantial justification for withholding information from the public is a heavy burden: "[w]hile District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and 'is circumscribed by a long-established legal tradition which values public access to court proceedings.'" *Schrank v. Roller Die and Forming Company, Inc*., 3:21-cv-598-RGJ-LLK, 2022 WL 256318, at * 2 (W.D. Ky. Jan. 26, 2022), (citing *In re. Skelaxin Antitrust Litigation*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013)).

In their Joint Motion, the parties and the AOC rely primarily upon the Kentucky AOC Open Records Policy as the "good cause" basis for requesting the Stipulated Protective Order. The Kentucky Court of Justice Administrative Procedures cited likely meet the requisite "good cause" showing in this Court. However, the documents sought to be protected are not narrowly defined. It appears that the category of documents presently sought in Defendants' *subpoena duces tecum* to the AOC – "complete, unredacted copies of documents, electronically stored information, and email correspondence sent to and from the work email address of AOC employee, Angela

5

Hawkins" – is much broader than the documents initially sought in the more narrowly tailored initial Open Records Request in December of 2024. [DN 49, Defendants' Status Report, ¶ 7]. In addition, it would seem that provision of redacted copies of the AOC documents sought would more squarely address the AOC's concerns under Section 4(2) of their Open Records Policy. The volume of documents being deemed "Confidential" for purposes of the Stipulated Protective Order could be addressed with a more focused class of documents, and redaction could also help to mitigate any defined and serious injury resulting from disclosure of the emails. However, the more problematic issue involves the parties' assumptions that "Confidential" designated documents will automatically be "sealed" when filed into the Court record. Protecting by agreement documents designated as "confidential" during discovery and sealing documents filed into the record of this Court are two very different processes with different standards.

      B.      <u>Sealing Standards Pursuant to Joint Local Rule 5.6</u>

As the Sixth Circuit recently proclaimed, "[t]he federal courts do their business in public—which means the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision." *Grae v. Corrections. Corp. of America*, No. 24-5839, 2025 WL 1132413, at *1 (6th Cir. Apr. 17, 2025). The standard for sealing documents is "vastly more demanding" than the standard for protective orders covering documents exchanged during discovery. *Shane Group, Inc.*, 825 F.3d 299, 307 (6th Cir. 1983). That the documents are covered by a "mere protective order" or have been designated as confidential is not sufficient reason to seal them from the public. *Id*. In *Shane*, the Sixth Circuit further explained that at the adjudicative stage "the public has a strong interest" in having access to the information upon which courts rely in making decisions. *Shane* at 305.

The primary concern this Court has with both the Joint Motion and Stipulated Protective Order in this case is the assumption they make regarding the sealing of documents filed in this Court. The Joint Motion suggests that documents designated as "Confidential" under the terms of the Stipulated Protective Order will automatically be sealed when filed with this Court, stating:

> Because the information is protected by Kentucky Supreme Court directive, the AOC is prohibited from producing documents responsive to HWSE's Subpoena Duces Tecum absent the appropriate protections set forth in the Stipulated Protective Order that would limit the use and disclosure of the documents outside these proceedings and *require* the documents to be sealed in accordance with the procedures set forth in Local Rule 5.6 – "Filing Documents Under Seal" to prevent public disclosure.

Joint Motion for Entry of Stipulated Protective Order, DN 60 at 4. (Emphasis added.)

There is a similar problem with the terms contained in Paragraphs Two and Six of the Stipulated Protective Order. Paragraph Two assumes that any documents designated as "Confidential" during discovery will "maintain their protected status" if later filed in this Court pursuant to Joint Local Rule 5.6(c). Paragraph Six of the Stipulated Protective Order also assumes that the documents designated as "Confidential" during discovery will automatically receive seal status if introduced as an exhibit to a deposition, discussed in testimony, or introduced at trial. Specifically, paragraph Six provides:

> 6. Any testimony given, whether during a deposition or trial, that references any document marked with the above "Confidential" endorsement shall be designated as confidential on the record at the time the testimony is given. Such portions of the transcript of that testimony shall be placed under seal in an envelope marked "Confidential" and shall be subject to the provisions of this Stipulated Protective Order. Similarly, any document marked with the above "Confidential" endorsement that is made an exhibit to any deposition or introduced at trial shall be considered "Confidential," placed under seal in an envelope marked "Confidential," and subject to the provisions of this Stipulated Protective Order.

Stipulated Protective Order, DN 60-1 at 3.

The Stipulated Protective Order properly identifies Joint Local Rule 5.6 as setting forth the special procedure required for filing documents under seal in this Court:

> (a) **Presumption of public access**. Parties and counsel should presume that all documents filed in district court should be available for the public to access and that restricting public access can occur only in limited circumstances, as set forth in this Rule.
>
> (b) **"Sealed Document" defined**. A "sealed document" is defined as a document or motion filed pursuant to (1) a protective order restricting public access, (2) an order granting leave to file the sealed document or motion, in conjunction with a motion for leave to seal or a previously-filed redacted document, or (3) included within a category of documents considered sealed under a federal statute or federal rule of procedure, local rule, or standing order of this court. A sealed document or motion is not available electronically, or by any other means, to the parties, attorneys or the public.
>
> (c) **Specific Authority or Motion Required; Protective Orders**. Absent a federal statute or federal rule of procedure, local rule, or standing order of this court, a party seeking to file a sealed document must electronically file a motion for leave to seal. The motion must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure. Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof warrants filing under seal.
>
> (d) **Electronic Filing Rules and Procedures**. All procedures for electronic filing of documents under seal, whether pursuant to this Rule or a federal statute or federal rule of procedure, are contained in the Court's Electronic Case Filing Administrative Policies and Procedures, available from the Clerk's office on the following websites:
> WDKY – http://www.kywd.uscourts.gov/
> EDKY – http://www.kyed.uscourts.gov/

Joint Local Rules of Civil Practice for the Eastern and Western Districts of Kentucky, Rule 5.6.

In the federal courts, blanket sealing authorizations are not permitted. The Stipulated Protective Order's provision "for the automatic filing of confidential information under seal . . . is a non-starter," *Knight Capital Partners Corp. v. Henkel Ag & Company*, 290 F.Supp.3d 681 (E.D. Mich. 2017). If the parties and third-party AOC intend for the phrases "shall be sealed" and "filed under seal" as used in Paragraphs Two and Six of the Stipulated Protective Order to mean that the

8

party seeking to file "Confidential" documents into the Court record must move this Court for seal protection (pursuant to the procedure set forth in Local Rule 5.6), that should be clarified. This Court's seal analysis will be undertaken separately and independent of the Stipulated Protective Order at the time such a motion to seal is filed. The Sixth Circuit in *Grae* emphasized the necessity of district courts making findings and conclusions to justify nondisclosure to the public, and that such seals must be narrowly tailored, noting, "the burden of 'demonstrat[ing]—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal' is first borne by the party that seeks it, not by the district court." *Id*. at 5 (quoting *Shane Group* at 308). "A document counts as a judicial record, for purposes of the presumption of access, when it is 'filed with the objective of obtaining judicial action or relief' or otherwise plays 'a role in the adjudicative process.'" *Grae* at 6, (citing *United States ex rel. Oberg v. Nelnet*, Inc., 105 F.4th 161, 171 (4th Cir. 2024). When filed for that purpose, the entire document, and not just the parts cited by the parties or the court, becomes a judicial record. *Id*. (citing *Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017)).

The Court will entertain a renewed Motion consistent with this Opinion, prior decisions of this Court, Sixth Circuit precedent, and the Joint Local Rules.

## CONCLUSION

For the foregoing reasons, the Joint Motion for Entry of Stipulated Protective Order is DENIED, without prejudice.

May 16, 2025

Lanny King, Magistrate Judge
United States District Court